```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

WALTER CANCIENNE              *         CIVIL ACTION

VERSUS                        *         NO: 08-1137

STATE FARM INSURANCE COMPANY  *         SECTION: "D"(5)
```

### ORDER AND REASONS

Before the court is the **"Motion to Remand"** filed by Plaintiff, Walter Cancienne. Defendant, State Farm Fire and Casualty Company, filed a memorandum in opposition. The motion, set for hearing on Wednesday, May 7, 2008, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

This matter originated as two separate Katrina-related lawsuits filed in state court (on August 22, 2007). While the Plaintiff homeowner and Defendant insurer are the same in each suit, the subject property in each suit is different as well as the subject insurance policy. For each suit, Plaintiff expressly stipulated that the total amount of damages that he seeks is less

than $75,000, and that he will not attempt to recover from Defendant a sum greater than $75,000.

Upon Defendant's motion, the state court consolidated the two cases on February 15, 2008. On February 26, 2008 (within 30 days of the consolidation), Defendant removed the consolidated matter to this court asserting that the claims of the consolidated action exceeds $75,000.

In his instant motion, Plaintiff moves the court to remand the matter to state court because: (1) Defendant's removal was untimely; and (2) while Plaintiff's two lawsuits were consolidated in state court, the two lawsuits have not been merged into a single claim exceeding the federal jurisdictional threshold. As discussed below, the court finds that the amount in controversy of each of Plaintiff's two lawsuits (based on two different properties and two different insurance policies) cannot be aggregated to exceed $75,000.

It is undisputed that Plaintiff's *separate* lawsuits could not be removed because the jurisdictional amount of each was stipulated to be less than $75,000. Within 30 days of having the two separate lawsuits consolidated, Defendant then removed the consolidated matter to this court. Defendant argues that the state court order consolidating the two cases acted as a "triggering event" at which

2

point the time delay for removal began.[1] However, that consolidation order did not make the matter removable, because Plaintiff's two claims (based on two different State Farm policies and two different properties) remain separate and distinct.[2]

Accordingly;

**IT IS ORDERED** that Plaintiff's **"Motion to Remand"** be and is hereby **GRANTED**, remanding this matter to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, for lack of subject matter jurisdiction.

New Orleans, Louisiana, this **9th** day of **May**, **2005**.

A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

[1] The removal statute requires a Defendant to file a notice of removal within thirty days after receipt of the initial pleading. 28 U.S.C. §1446(b). However, the statute also provides that where an initial pleading is nor removable as originally filed, but subsequently becomes subject to removal through some later event:

> a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this tile more than 1 year after commencement of the action.

28 U.S.C. §1446(b).

[2] If Plaintiff was suing Defendant under <u>one</u> policy, Defendant could more persuasively argue that removal was proper based on Judge Feldman's case, *Shell Beach Literary Society, Inc. v. Scottsdale Ins. Co.*, 2007 WL 2264971 (E.D.La. 2007). But Plaintiff sues Defendant under two different policies.